CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

KENNETH BRAKEBILL (CABN 196696)
Chief, Civil Division

NAG YOUNG CHU (NYBN 5925821)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7478
FAX: (415) 436-7234
Jeremy.Chu@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL HOUSING LAW PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, *et al.*,<br>Defendants. | CASE NO. 3:26-cv-08909-AGT<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Honorable Alex G. Tse<br>United States Magistrate Judge |

Defendants U.S. Department of Housing and Urban Development ("HUD"); U.S. Department of Homeland Security ("DHS"); and U.S. Citizenship and Immigration Services ("USCIS" and collectively, "Defendants"), by and through their undersigned counsel, hereby answer the First Amended Complaint filed on September 2, 2026 (ECF No. 16, the "FAC"), by Plaintiff National Housing Law Project ("Plaintiff"). Defendants expressly deny any allegations in the FAC that are not specifically admitted to or otherwise qualified in this Answer. Moreover, to the extent the FAC refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (1) are correctly cited or quoted by Plaintiff; (2) are relevant to this, or any other, action; or (3) are admissible in this, or any other, action. Defendants respond to the Complaint in like numbered paragraphs as follows:

**JURISDICTION, VENUE, AND DIVISIONAL ASSIGNMENT**

1. This paragraph contains Plaintiff's legal conclusions regarding jurisdiction, to which no response is required. To the extent any response is required, Defendants only admit that this Court has jurisdiction subject to the terms and limitations of the Freedom of Information Act (the "FOIA").

2. This paragraph contains Plaintiff's legal conclusions regarding venue, to which no response is required. To the extent any response is required, Defendants admit that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and lack information sufficient to form a belief of the truth of the allegations of Plaintiff's principal place of business, and on that basis deny..

3. This paragraph contains Plaintiff's legal conclusions regarding assignment, to which no response is required. To the extent any response is required, Defendants lack information sufficient to form a belief of the truth of the allegations of Plaintiff's principal place of business, and on that basis deny

4. The allegations contained in Paragraph 4 consist of Plaintiff's factual assertions regarding their place of business, its history, and stated mission, to which no response is required. To the extent any response is required, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 4, and on that basis deny them.

**PARTIES**

5. HUD admits that it is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. HUD lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 regarding the records that Plaintiffs seek access to. HUD is currently in the process of searching its records to determine if the agency has possession, custody, and control of records to which Plaintiff seeks access.

6. DHS admits that it is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DHS lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 regarding the records that Plaintiffs seek access to.

7. USCIS admits that it is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1) and is a component of DHS. USCIS denies the remaining allegations in this paragraph.

**FACTUAL ALLEGATIONS**

8. HUD admits.

9. This paragraph consists of Plaintiff's characterization of HUD's proposed rule, to which no response is required. To the extent a response is required, HUD respectfully refers the Court to the proposed rule for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

10. HUD admits.

11. HUD admits.

12. HUD respectfully refers the Court to the letter referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

13. HUD admits.

14. HUD respectfully refers the Court to the letter that affirmed the denial of expedited processing for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

15. HUD denies the allegation in this paragraph and avers that it has released responsive records to Plaintiff as its final response to FOIA Request 26-FI-HQ-01723 on September 24, 2026.

16. HUD admits.

17. HUD admits.

18. HUD admits.

19. HUD admits.

20. HUD denies the allegation in this paragraph and avers that it has released responsive records to Plaintiff as its final response to FOIA Request 26-FI-HQ-01724 on September 30, 2026.

21. DHS respectfully refers the Court to the FOIA request referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

22. DHS admits that it acknowledged the request and assigned it tracking number 2026-HQFO-02590. DHS respectfully refers the Court to the letter reflecting DHS's acknowledgement on April 29, 2026 as the best evidence of its contents and denies all allegations inconsistent therewith.

23. DHS respectfully refers the Court to the FOIA request referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

24. DHS respectfully refers the Court to the FOIA request referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

25. DHS admits.

26. DHS respectfully refers the Court to the correspondence from DHS, referenced in this paragraph, as the best evidence of its contents and denies all allegations inconsistent therewith.

27. DHS respectfully refers the Court to Plaintiff's appeal as the best evidence of its contents and denies all allegations inconsistent therewith.

28. DHS respectfully refer the Court to DHS's acknowledgement of receipt of the appeal, referenced in this paragraph, as the best evidence of its contents and denies all allegations inconsistent therewith.

29. DHS admits.

30. USCIS respectfully refers the Court to the FOIA request referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

31. USCIS admits.

32. USCIS admits that it has not produced any records in response to the FOIA request and avers that it continues to diligently search for and review records to prepare a response to the FOIA request.

33. USCIS respectfully refers the Court to the FOIA request referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

34. USCIS admits.

35. USCIS admits.

36. USCIS admits.

37. USCIS admits.

38. USCIS admits and avers that USCIS also informed Plaintiff in its correspondence that "[t]o ensure fairness for all FOIA requesters, FOIA requests are handled on a first in, first out basis. Rolling releases are not available currently, due to the number of increased requests." USCIS respectfully refers the Court to the correspondence referenced in this paragraph for full and accurate statements of its contents, and denies all allegations inconsistent therewith.

39. USCIS admits that it has not produced any records in response to the FOIA request and avers that it continues to diligently search for and review records to prepare a response to the FOIA request.

40. HUD admits.

41. HUD admits.

42. HUD admits.

43. HUD admits.

44. HUD admits and avers that it continues to diligently search for and review records to prepare a response to the FOIA request.

45. Defendants DHS and USCIS respectfully refer the Court to the FOIA requests as the best evidence of its contents and deny all allegations inconsistent therewith.

46. Defendants DHS and USCIS respectfully refer the Court to the FOIA requests as the best evidence of its contents and deny all allegations inconsistent therewith.

47. DHS admits.

48. USCIS admits.

49. USCIS admits.

50. USCIS avers that it has drafted a letter of response to FOIA request COW2026004349 and is preparing to issue the letter via mail to Plaintiff.

51. HUD admits.

52. HUD admits.

53. HUD admits.

54. HUD denies the allegation in this paragraph and avers that it has released responsive records to Plaintiff in response to FOIA Request 26-FI-HQ-01726 on October 22, 2026.

55. HUD admits.

56. HUD admits.

57. HUD admits.

58. HUD admits and avers that it continues to diligently search for and review records to prepare a response to the FOIA request.

59. Defendants deny Plaintiff's allegation in Paragraph 59. Specifically, HUD has corresponded with Plaintiff on multiple occasions, including in the May 7, 2026 correspondence referenced in Paragraph 12 of the FAC. HUD submits that, in that correspondence, HUD advised Plaintiff that, pursuant to 24 C.F.R. § 15.103(c), unusual circumstances could require an extension of time to process Plaintiff's request. HUD further avers that it has released records to three of the FOIA requests at issue. DHS submits that it has responded to Plaintiff's FOIA requests 2026-HQFO-02590 and 2026-HQFO-02591. USCIS submits that it has drafted a letter of response to FOIA request COW2026004349 and is preparing to issue the letter via mail to Plaintiff.

60. Paragraph 60 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny.

## CLAIMS FOR RELIEF

### Count 1 (Violation of FOIA, 5 U.S.C. § 552, Failure to Issue Determinations and Release any Responsive, Non-Exempt Records) (All Defendants)

61. Defendants reallege and incorporate by reference their responses to Paragraphs 1-60 above as though fully set forth herein.

62. The allegations contained in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

**Count 2 (Violation of FOIA, 5 U.S.C. § 552, Failure to Grant Expedited Processing) (HUD only)**

63. Defendants reallege and incorporate by reference their responses to Paragraphs 1-62 above as though fully set forth herein.

64. The allegations contained in this paragraph consist of legal conclusions, to which no response is required. To the extent a response is required, HUD denies.

**PLAINTIFF'S PRAYER FOR RELIEF**

The remainder of the FAC consists of Plaintiff's request for relief, to which no response is required. To the extent these paragraphs are deemed to contain factual allegations, Defendants deny those allegations and deny that Plaintiff is entitled to any relief.

Defendants deny allegations contained in the FAC that are not specifically admitted herein.

**AFFIRMATIVE OR OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The information that Defendants have withheld or will withhold in response to Plaintiff's FOIA request may be exempt in whole or part from public disclosure under the FOIA, 5 U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

**THIRD AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction, including over any requested relief that exceeds the relief authorized by FOIA.

**FOURTH AFFIRMATIVE DEFENSE**

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and are invalid to the extent they would be unduly burdensome to process. The FOIA requests, or subparts thereto, are also invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by the FOIA.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has not alleged sufficient factual and/or legal bases for its request for attorneys' fees and/or costs.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH AFFIRMATIVE DEFENSE**

At all relevant times, Defendants acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitated additional time for Defendants to process and respond to Plaintiff's FOIA requests.

**EIGTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred to the extent Plaintiff has failed to comply with or exhaust their administrative remedies.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims must be dismissed to the extent they are moot.

* * * * *

Defendants reserve the right to assert additional affirmative defenses if such affirmative defenses become appropriate.

**<u>DEFENDANTS' PRAYER FOR RELIEF</u>**

WHEREFORE, Defendants pray that:

1. Plaintiff takes nothing by the FAC;
2. The FAC be dismissed with prejudice;
3. Judgment be entered in favor of Defendants;
4. Defendants be awarded their costs of suit;
5. The Court award such other and further relief as it may deem proper.

Date: October 22, 2026

Respectfully submitted,

CRAIG MISSAKIAN
United States Attorney

By: __*/s/ Nag Young Chu*_____________
NAG YOUNG CHU
Assistant United States Attorney

Attorneys for Defendants